IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SENTORYIA YOUNG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:12-cv-00304 |
| | ) Judge Trauger |
| RONALD COLSON, Warden, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER DENYING
## PETITIONER'S MOTION FOR DISCOVERY

Pending before the court is Petitioner's Motion For Discovery (ECF No. 53) pursuant to Rule 6(a) of the Rules Governing § 2254 Cases (Habeas Rules), to which the respondent has responded in opposition. (ECF No. 58.) The petitioner has replied in support of his motion (ECF No. 62) and submitted a notice of supplemental relevant authority. (ECF No. 65.) The motion is ripe for review.

The court has the discretion to permit discovery under Rule 6(a) for "good cause," which the Supreme Court has found to exist "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908 (1997). This standard does not require a district court to permit "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Discovery on a claim that is procedurally defaulted and has no chance to overcome that bar to review under current standards would obviously be futile. Accordingly, the petitioner would lack the necessary good cause to pursue it. *See Williams v. Bagley*, 380 F.3d 932, 974–76 (6th Cir. 2004) (holding that district court did not abuse its discretion in denying discovery requests because the habeas petitioner had procedurally defaulted the claim); *Smith v. Warden, Toledo Corr. Facility*, No. 3:10-cv-367, 2011

WL 4337092, at *4 (S.D. Ohio July 18, 2011) (denying as moot a motion for discovery under Rule 6(a) "because Petitioner ... procedurally defaulted his claims").

**I. Background**

This action was commenced with the filing of the petitioner's *pro se* petition in March 2012. (ECF No. 1.) Counsel was appointed for the petitioner and filed the operative second amended petition on November 16, 2012. (ECF No. 30.) The respondent filed an answer on January 22, 2013, along with a copy of the state court record. (ECF Nos. 33 and 34.) The answer asserts that a number of the petitioner's claims (specifically, Claims 2, 4, 5, 7–10, 12, 15, 16, 18–25) are barred from federal habeas review as procedurally defaulted. (ECF No. 33.) On March 12, 2013, the court stayed the case (ECF No. 50) pending the United States Supreme Court's decision in *Trevino v. Thaler*, which was decided May 28, 2013. 133 S. Ct. 1911 (2013). The court lifted the stay in this case on May 30, 2013 (ECF No. 52), and the current discovery dispute ensued.

One issue to be determined in this case, which has some bearing on the resolution of the petitioner's motion, is the extent to which *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to the petitioner's defaulted claims. When a habeas petitioner has failed to fully exhaust a claim in state court and is now unable to do so because of a statute of limitations or other state procedural rule, the claim is considered to be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Except in cases where the petitioner can establish that he is actually innocent, federal habeas review of the merits of defaulted claims is prohibited unless the petitioner demonstrates cause for, and prejudice from, his default. *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002).

Prior to *Martinez*, the law was firmly settled that ineffective assistance of counsel in state post-conviction proceedings can never establish such cause, because there is no constitutional right to effective assistance of counsel in such collateral proceedings in the first place.

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coleman*, 501 U.S. at 742–53; *Ritchie v. Eberhart*, 11 F.3d 587, 590 (6th Cir. 1993). In a departure from that position, the Supreme Court held in *Martinez* that the ineffective assistance of post-conviction counsel <u>can</u> establish "cause" to excuse the procedural default of a defendant's substantial claim of ineffective assistance at trial, but only where state procedural law prohibits defendants from raising such claims on direct appeal and requires defendants to raise the claims for the first time in post-conviction proceedings. *Martinez*, 132 S. Ct. at 1318–19. Less than a year later, the Supreme Court in *Trevino* extended *Martinez* to apply to cases where, although state procedural law might permit defendants to raise ineffective-assistance claims on direct appeal, a state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921.

Applying *Trevino*, the Sixth Circuit Court of Appeals has recognized that "Tennessee defendants, too, are highly unlikely to have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. 2014). The court therefore held, based on *Martinez* and *Trevino*, that "ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial." *Id.* at 795–96. The petitioner's recent notice of supplemental authority asserts, without any discussion of the connection between *Martinez* and his particular claims, that this holding "has resolved any questions as to whether Mr. Young is entitled to the discovery he has requested." (ECF No. 65, at 2.)

## II. Deposition of Herschel Koger

The petitioner's first discovery request is for permission to depose Herschel Koger, his post-conviction appellate counsel. (ECF No. 53, at 3–4.) He asserts that this discovery is

3

necessary to substantiate his position that ineffective assistance of his post-conviction counsel establishes cause for the procedural default of Claims 2, 7–9, 16, 18 and 22. (*Id.*) The petitioner's position fails with regard to each claim upon which he relies as cause to take Mr. Koger's deposition.

As set forth above, *Martinez* only allows for ineffective assistance of post-conviction counsel to establish cause for the default of claims of *ineffective assistance of trial counsel*. The petitioner's Claims 2 (conflict of interest), 7 (Double Jeopardy), 16 (ineffective assistance of appellate counsel), 18 (erroneous jury instructions) and 22 (juror misconduct) all assert violations not arising from alleged ineffective assistance of trial counsel, and therefore do not fall within the scope of *Martinez*.[1] Although there is some logic behind the position that *Martinez* should apply to defaulted claims of ineffective assistance of appellate counsel, such as the petitioner's Claim 16, that position has been expressly rejected in this circuit. *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that ineffective assistance of post-conviction counsel did not excuse default of substantive mental-competence claim or of ineffective-assistance-of-appellate-counsel claim).

Thus, of the seven claims upon which the petitioner relies for this request, only Claim 8 (ineffective assistance of trial counsel regarding failure to investigate and challenge evidence of a prior conviction) and Claim 9 (ineffective assistance of trial counsel regarding failure to bring a motion about sleeping jurors) could possibly implicate *Martinez*. In his Amended Petition for Post-Conviction Relief in state court, the petitioner raised both of these claims:

> Petitioner's trial counsel failed to investigate and/or challenge the admissibility of Davidson County Case No. 94-A-600, wherein the Petitioner was convicted of second degree murder in April, 1995 and was sentenced to serve 25 years @ 30%.

---

[1] Even if the court were to treat Claim 2, regarding trial counsel's alleged conflict of interest, as an ineffective assistance claim, *Martinez* would not lift that claim over the procedural default bar for the same reasons set forth in the next paragraph regarding Claims 8 and 9. The parties agree that the claim was raised on post-conviction initial review (ECF No. 30, at 53–54; No. 33, at 22), but it was defaulted in the post-conviction appeal.

4

> * * *
>
> Petitioner's trial counsel failed to make an objection to or bring to the Court's attention the fact that jurors were sleeping during the trial of this case.

(ECF No. 34-27, at 41.) But after the trial court denied relief (ECF No. 34-27, at 62 and 64), the petitioner did not raise either of those claims in his brief on appeal. (ECF No. 34-28, at 3–19.) *Martinez* does not apply to claims that were raised at the post-conviction initial-review proceeding but not preserved on post-conviction appeal. *West v. Carpenter*, 790 F.3d 693, – (6th Cir. 2015). By *Martinez*'s own terms, it "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Martinez*, 132 S. Ct. at 1320. Accordingly, *Martinez* is not applicable to Claims 8 or 9, even though they are ineffective-assistance claims, because of the stage of litigation at which they were defaulted.

All of the claims upon which the petitioner relies for this request are barred from review by procedural default regardless of any information that could be obtained from the requested deposition. Accordingly, this discovery request is **DENIED**.

### III. Mental Health Records of Denita Smith

Petitioner's next request is that Rule 45 subpoenas issue to the high schools attended by trial witness Denita Smith, who, the petitioner claims, is mentally ill. He also seeks any mental health records pertaining to Ms. Smith in the possession of the respondent. The petitioner asserts that Claim 15, which is a *Brady* violation claim that "the State never disclosed that Ms. Smith has a mental illness prior to or during Petitioner's trial," establishes the good cause to pursue this discovery. (ECF No. 30, at 78–79.)

In both his answer and his response to the petitioner's motion for discovery, the respondent asserts that this claim is procedurally defaulted because it was never raised in state court. (ECF No. 33, at 48; No. 58, at 20.) The respondent further asserts that the petitioner has not established that his notice of the factual basis for this claim arose after state proceedings

5

were concluded. (ECF No. 58, at 20.) Although the petition asserts that "[r]ecent investigation has revealed" Ms. Smith's mental illness (ECF No. 30, at 78), the petitioner in his reply does not dispute either of the respondent's points regarding the default of this claim. (*See* ECF No. 62, at 17–18.)

To the extent the petitioner relies on *Martinez* for review of his defaulted *Brady* claim, his reliance is misplaced. As discussed above, *Martinez* only impacts claims of ineffective assistance of trial counsel. By its own terms, it does not extend to defaulted *Brady* claims. *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013).

Even aside from *Martinez*, where the prosecution's withholding of evidence prevented a petitioner from presenting a *Brady* claim to state courts during post-conviction proceedings, that impediment constitutes cause for default of the claim. *Smith v. Bell*, 381 F. App'x. 547, 552 (6th Cir. 2010), *vacated on other grounds sub nom. Smith v. Colson*, 132 S. Ct. 1790 (2012)). As the respondent points out, however, the petitioner has not expressly alleged that he did not learn of Ms. Smith's mental illness until after the state proceedings. The petitioner's motion states that a relative of Ms. Smith has "confirmed" her mental illness to current counsel's investigator, suggesting that the illness was known or suspected from some earlier date. (*See* ECF No. 53, at 5.) The petitioner also notably fails in his reply (ECF No. 62, at 17–18) to address the question of the timing of the discovery of this issue, even though it was expressly raised by the respondent's response (ECF No. 58, at 20). It is the petitioner's burden to establish good cause for the requested discovery, and he has failed to carry that burden. This request is therefore **DENIED** without prejudice to the petitioner's ability to renew it if he is able to establish that he neither knew nor should have known about the alleged mental illness at a time when he could have raised it in state court.[2]

---

[2] The court notes that, even if there existed good cause to allow discovery on this claim, it would not warrant the requested subpoenas to third parties. The only information relevant to a *Brady* claim is the information that was in the possession of the prosecution team at the time of trial. *See Bell v. Bell*, 512

## IV. Notes, Memoranda, etc. Regarding David Clark

The petitioner seeks all documents regarding any contact between any state actor and witness David Clark. For good cause for this discovery, the petitioner refers to his Claim 4, which alleges that the prosecutor engaged in misconduct by pressuring Clark to testify that the petitioner was the first to fire his gun on the day of the murder. (ECF No. 30, at 62–64.) The respondent asserts, in both his answer and his response to petitioner's discovery motion, that this claim was raised in state court and is procedurally defaulted. (ECF No. 33, at 28; ECF No. 58, at 22.) The petitioner does not dispute this fact in his reply. (ECF No. 62, at 18.)

The petition concedes that trial counsel was aware of the alleged misconduct during trial. (ECF No. 30, at 63.) *Martinez* does not apply to this claim (because it is not an ineffective-assistance claim), and the petitioner has not made any other effort to establish cause to excuse his default. The court cannot find good cause to allow the requested discovery, and the request is therefore **DENIED**.

## V. Statistical Information Regarding Use of Repeat Violent Offender Statute

The petitioner's final request is for statistical information regarding Tennessee's use of the Repeat Violent Offender Statute. Specifically, the petitioner seeks an order requiring the respondent to provide: (a) the total number of cases in which the state *could have* applied the statute from 2000 to 2005, and (b) the total number of cases in which the state *did* apply the statute during those same years. The petitioner argues that this discovery is necessary to

---

F.3d at 234 ("[T]he state's conduct, not disclosing something it did not have, cannot be considered a *Brady* violation.") (quoting *Todd v. Schomig*, 283 F.3d 842, 849 (7th Cir. 2002)). In reply to the respondent's argument that "[r]ecords held by a witness's high school are not *Brady* information, because the high schools are not part of the prosecutorial team" (ECF No. 58, at 19), the petitioner counters with cases generally holding psychiatric and similar records to be *Brady* material, but fails to acknowledge that each case involved information possessed by the prosecution team. (ECF No. 62, 17–18.) *See Chavis v. State of North Carolina*, 637 F.2d 213, 220 (4th Cir. 1980) (prosecutor "was sure that he had a copy [of psychiatric report] at the time of trial"); *Ashley v. State of Texas*, 319 F.2d 80, 83 (5th Cir. 1963) (concerning prosecutor's failure to disclose expert opinions about defendants' incompetence that were "known to him" "prior to the beginning of the trial"); *Ballinger v. Kerby*, 3 F.3d 1371, 1373 (10th Cir. 1993) (photographs relevant to the witness's ability to observe were taken by government investigators immediately after the murder); *Lindsey v. King*, 769 F.2d 1034, 1041–42 (5th Cir. 1985) (concerning prosecutor's failure to disclose witness's statement that was documented in police report).

substantiate his Claim 21, which alleges that the prosecutor employed unconstitutional discretion in applying the statute to his case, and that the application of the statute is arbitrary and capricious.

The petitioner never raised this claim in state appellate or post-conviction proceedings (ECF No. 34-24, at 9; ECF No. 34-27, at 22–30 and 40–44; ECF No. 34-28), and the respondent asserted in his answer that the claim is procedurally defaulted. (ECF No. 33, at 54–55.) For the reasons discussed above, *Martinez* does not apply to this claim, and the petitioner has not made any effort to establish other cause for the default. Accordingly, the court finds that there is no good cause to pursue this discovery, and this request is **DENIED**.

## VI. Conclusion

For the reasons set forth above, the petitioner's Motion for Discovery (ECF No. 53) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge