IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SENTORYIA YOUNG,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-cv-00304 |
| ) | Judge Trauger |
| **RONALD COLSON, Warden,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Sentoryia Young filed this action seeking the writ of habeas corpus under 28 U.S.C. § 2254. The operative petition is the second amended petition filed by his appointed counsel. (ECF No. 30.) The respondent has filed an answer and copies of the state court record (ECF Nos. 33 and 34), and the petitioner has filed a reply (ECF No. 71) and two supplemental pleadings with additional portions of the state court record (ECF Nos. 72, 73.)

As set forth in the accompanying memorandum, the court has found that Claims 1, 3, 6, 11, 13, 14 and 17 fail on their merits, and the remainder of the petitioner's claims are procedurally defaulted and not subject to habeas review. Accordingly, the petition is hereby **DENIED** and this action is **DISMISSED** with prejudice. The petitioner's request for discovery and an evidentiary hearing are **DENIED**.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Reasonable jurists could debate whether the petitioner was effectively abandoned by his post-conviction appellate counsel in order to establish cause under *Maples v. Thomas*, 132 S. Ct. 912 (2012), for the default of Claims 2, 5, 7, 8, 9, 16, 18 and 22. The court therefore **GRANTS** a certificate of appealability on that question. The court **DENIES** a COA on the rest of the petitioner's claims, but he may seek a COA on those claims directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

        Aleta A. Trauger
        United States District Judge